PER CURIAM.
The National Football League Players Association, AFL-CIO (hereinafter referred to as the union) has brought this petition for writ of prohibition seeking to prohibit the circuit court from exercising jurisdiction over an action brought against it.
The plaintiff purchased season tickets from the Tampa Bay Buccaneers’ football franchise of the NFL. When the games were not played as scheduled due to the players’ strike, he sued both the Buccaneers’ franchise and the union. The relevant portions of the amended complaint against the union are as follows:
19. As of the date of the filing of this Amended Complaint, Defendant NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION AFL-CIO has tor-tiously interfered with the aforesaid contract between the Plaintiff and the Tampa Bay Bucs by failing to provide players for games or contests at Tampa, Florida, which games or contests had already been paid for by the Plaintiff.
20. Plaintiff would show that the Defendant NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION AFL-CIO damaged the Plaintiff in that said Defendant has caused the professional football players the Tampa Bay Bucs to hot perform for the employer and withhold and to refrain from performing service in a concerted action against their employer in the form of a strike which is now in progress.
Plaintiff prayed for money damages and injunctive relief, although there is some indication that the prayer for injunctive relief was later abandoned.
The union moved to dismiss and moved for summary judgment contending in part that the complaint fell within an area regulated exclusively by the National Labor Relations Act; thus the state court’s jurisdiction is preempted and the strike is within the jurisdiction of the NLRB. See San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed. 775. The *348 trial judge denied both motions and this petition for writ of prohibition ensued.
Respondent relies on several exceptions to the preexemption doctrine which he contends are present here. The first exception is where the labor activity is merely a peripheral concern of the National Labor Relations Act and the second obtains if that labor activity touched interests so deeply rooted in local feeling and responsibility that it could be inferred that Congress had not deprived the states of power to act. Respondent relies on Sears v. San Diego County District Council of Carpenters, 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978) and cases cited therein. We find these cases inapplicable to the case at bar. Here the complaint concerned the strike itself, not the location of picketing as in Sears. Also, this case does not involve a state interest such as the trespass laws in Sears. An injunction or money damages awarded against a strike, as prayed for here, would go to the very heart of NLRB jurisdiction. The fact that the suit was not brought by the employer and was for interference with a contractual relationship is irrelevant. See Local 926, International Union of Operating Engineers, AFL-CIO v. Jones, - U.S. -, 103 S.Ct. 1453, 75 L.Ed.2d 368 (1983).
Therefore, prohibition is granted as to that portion of the amended complaint filed against the union.
PROHIBITION GRANTED.
HOBSON, A.C.J., and RYDER and LE-HAN, JJ., concur.